# IN THE OREGON TAX COURT

### Jaka OKORN
*v.*
### DEPARTMENT OF REVENUE
(TC 2934)

Plaintiff appeared *pro se.*

Jerry Bronner, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Defendant's Motion For Summary Judgement granted July 11, 1990.

## CARL N. BYERS, Judge.

Plaintiff did not file Oregon income tax returns for the years 1984, 1985 and 1986. Defendant assessed taxes based on its information and belief. In response, plaintiff petitioned defendant for relief. After a hearing, defendant issued its Opinion and Order No. 88-0997 and 88-1356 affirming the assessment. Plaintiff then appealed to this court.

This matter is now before the court on defendant's Motion For Summary Judgment. Defendant asserts there is no dispute as to facts which entitle it to judgment. Plaintiff contends there is a dispute. Plaintiff argues that three elements must be established before he is liable to Oregon for income taxes: (1) residence, (2) earned income, and (3) federal taxable income. Plaintiff admits he is a resident of Oregon and has earned income in Oregon. Plaintiff contends the missing element is his federal taxable income.

Plaintiff argues the state "has no authority to designate a person liable for federal income tax returns or his earnings as federal net income." To do so, plaintiff contends, would be "usurping" federal authority.

Plaintiff believes that if he refuses to admit he has federal taxable income the state cannot impose its tax.[1] Plaintiff is careful to point out this is not a question of state power. He concedes the state has the power to impose an income tax. His point is, as a matter of statutory construction, the state has chosen to make federal taxable income an essential element. Plaintiff contends that, until the federal government determines a person's federal taxable income, no Oregon income tax can be due. Plaintiff also maintains that until he is determined to have federal taxable income, he is not a "taxpayer."

■    Plaintiff is mistaken. ORS 316.022(7) defines a taxpayer as "any natural person * * * whose income is in whole or in part subject to the taxes imposed by this chapter * * *." Plaintiff is a natural person, is employed and earns income in the State of Oregon. Therefore, plaintiff's income is subject to

---

[1] Plaintiff recognizes that income taxes are usually self-assessed. He believes if he assessed his own federal income tax, he would have "admitted" he has federal taxable income. In his opinion, this admission would supply the missing element and permit the state to impose its income tax.

taxation under ORS chapter 316. By definition, plaintiff is a taxpayer.

■ ORS 316.037 imposes a tax on the "entire taxable income" of Oregon residents. ORS 316.048 defines the "entire taxable income of a resident" as:

"[T]he federal taxable income of the resident as defined in the laws of the United States, with the modifications, additions and subtractions provided in this chapter."

■ ■ ORS 316.362 imposes upon resident taxpayers the obligation to file an income tax return. If a taxpayer fails to file a return, ORS 305.265(10) requires the department to determine the tax "according to the best of its information and belief." In making that determination, the state looks to federal income tax laws to determine, for state purposes, the amount of the taxpayer's taxable income. Or Const, Art IV, § 32. As defendant points out, the statute uses federal income tax "as defined in the laws of the United States," not as determined by the Internal Revenue Service. No administrative action on the part of the federal government is required. The state determines federal taxable income only as a measure of the income subject to state tax. If the state and a taxpayer disagree over the amount of a taxpayer's taxable income, neither party can rely simply upon a federal determination. The taxpayer and the state are put to their respective proofs of the actual income.

A second issue raised by plaintiff pertains to delegation of authority. Plaintiff claims the assessment is void because defendant has not delegated authority in writing to the necessary employees of defendant. Plaintiff relies upon ORS 305.057, which states:

"Whenever a power is granted to the director, the power may be exercised by such officer or employee within the department as designated in writing by the director. Any such designation shall be filed in the office of the Secretary of State."

■ Plaintiff's reliance is misplaced. The statute deals with powers granted to the director of the Department of Revenue, not to the department itself. The legislature has separately granted powers and responsibilities to the department as an administrative agency. In so doing, the legislature has not required written delegation to the agency's officers

and employees. The court finds that no written delegation of agency powers is necessary for defendant's officers and agents to assess the taxes contested herein.[2]

The court finds there is no dispute as to the essential facts. What plaintiff views as a factual dispute is a legal issue. Accordingly, the court finds defendant's Motion For Summary Judgment should be granted.

■ Defendant requests the court to award it damages under ORS 305.437.[3] The court is not persuaded in this case that such an award is justified. Plaintiff's main argument was not clearly controverted by established law. *Coleman v. Commissioner,* 791 F2d 68 (7th Cir 1986), 86-1 US Tax Cas (CCH) ¶ 9401. Now, therefore,

IT IS ORDERED that defendant's Motion For Summary Judgment be, and hereby is, granted. Defendant to recover its statutory costs.

---

[2] The probable reason no delegation is required is because the agency can act only through its employees and officers. In contrast, the director, as an individual, can act individually or through agents.

[3] ORS 305.437 reads:

"Whenever it appears to the Oregon Tax Court that proceedings before it have been instituted or maintained by a taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless, damages in an amount not to exceed $5,000 shall be awarded to the Department of Revenue by the Oregon Tax Court in its judgment. Damages so awarded shall be paid within 10 days after the judgment becomes final. If the damages remain unpaid, the department may collect the amount awarded in the same manner as income taxes are collected under ORS 314.430."