## IN THE OREGON TAX COURT

Leslie SWARENS

*v.*

## DEPARTMENT OF REVENUE

(TC 3413)

Daniel C. Re, Holmes, Hurley, Bryant, Lovlien and Lynch, Bend, represented plaintiff.

Jerry Bronner, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered October 11, 1993.

**CARL N. BYERS, Judge.**

Plaintiff appeals from defendant's Opinion and Order No. 91-0925 upholding an assessment of additional income taxes for 1981. Plaintiff contends the assessment is barred by the statute of limitations. The parties stipulated the relevant facts.

## FACTS

Plaintiff was a partner in a partnership investing in tax shelters beginning in 1979. Those investments resulted in large ordinary losses which plaintiff claimed in 1979, 1980

and 1981. He also reported large long-term capital gains in 1981 and 1982. The Internal Revenue Service (IRS) determined that the tax shelters were shams and had no economic substance. It audited plaintiff's returns and disallowed the tax shelter losses for 1979 and 1980.

On March 15, 1985, plaintiff filed protective claims for refund with both the IRS and defendant for 1981. The claims did not address an ordinary loss deduction claimed with respect to the tax shelters on the 1981 return. The IRS initially approved plaintiff's refund claim on April 5, 1989. However, later it discovered the ordinary loss claimed and withdrew approval of the refund. The IRS then issued a revised federal audit report disallowing the ordinary loss, resulting in increased federal taxable income. However, the IRS could not assess any additional tax because it was barred by the federal statute of limitations. At that point, for federal purposes, the 1981 tax year was open only for purposes of a refund.

Defendant received a copy of the federal audit report on May 14, 1990. Based on that report, on November 7, 1990, defendant issued a notice of deficiency for 1981. On January 29, 1991, defendant issued its notice of assessment.

## ISSUE

Was defendant barred by the statute of limitations from issuing a notice of assessment for 1981?

## DISCUSSION

ORS 314.410(1) allows defendant three years after a taxpayer's return is filed to give a notice of deficiency. Since plaintiff filed his 1981 return on or before April 15, 1982, defendant's notice of deficiency dated November 7, 1990, was issued after the three years expired. However, ORS 314.410(3) provides exceptions to the three-year limitation. The relevant exception reads:

> "If the Commissioner of Internal Revenue or other authorized officer of the Federal Government makes a correction resulting in a change in income tax for state income tax purposes, then notice of a deficiency under any law imposing tax upon or measured by income for the corresponding tax year may be mailed within two years after the department is notified by the taxpayer or the commissioner of such federal

correction, or within the applicable three-year or five-year period prescribed in subsections (1) and (2) of this section, respectively, whichever period expires the later." ORS 314.410(3), 1989 Replacement Part.

The dispute in this case focuses on the meaning of the statute. Plaintiff argues that "[i]n order for a federal correction to result in a change in Oregon income tax, a taxpayer's federal taxable income as defined by the laws of the United States must be changed." Plaintiff reasons that since the federal statute of limitations prevented the IRS from changing plaintiff's federal income tax liability, its audit report could not change its taxable income. In opposition, defendant argues the correction only need result in a change in income for state income tax purposes.

Prior to 1969, the statute required the federal correction to result in additional federal income tax. When Oregon abandoned its old income tax scheme and adopted the federal law by reference, it changed the statute to its current reading. Or Laws 1969, ch 493, § 88.

■ The statute would be clear if it read "resulting in a change of income for state income tax purposes." By adding the word *tax*, the statute introduces an ambiguity since "tax" could refer to either federal or state. If it is interpreted to mean federal income tax, then an audit which resulted in no change in federal income tax would not extend the statute of limitations for Oregon. However, that interpretation produces the same result as occurred prior to the 1969 amendment. Consequently, the word "tax" must refer to state tax. If any changes or corrections in federal taxable income result in state income taxes, the statute of limitations for assessment is extended.

■ Requiring a correction to result in additional federal income taxes makes sense only if Oregon uses federal taxable income *as determined by the IRS*. However, it does not. The Internal Revenue Service and the Department of Revenue are separate agencies which administer the income tax laws under separate systems. *Allison v. Dept. of Rev.*, 11 OTR 431 (1990). IRS determinations are not binding on the state.

"The determination of a taxpayer's federal taxable income by the IRS is not binding on the defendant. The test is not what

the IRS determines, but what the IRC defines." *Id.*, at 435 citing *Okorn v. Dept. of Rev.*, 11 OTR 385 (1990).

■    It is irrelevant that a federal determination of income is not made. *See Okorn* at 386-87. If a taxpayer has income subject to Oregon's jurisdiction, the amount of taxable income is determined under federal income tax laws by defendant. The only reason ORS 314.410(3) refers to actions by the IRS is to extend the statute of limitations. The legislature apparently wanted to utilize the services of the IRS in auditing returns filed by Oregon taxpayers. Accordingly, it extended the period for the state to assert a deficiency based on a determination by the IRS. However, a determination by the IRS is not the basis for the defendant's assertion of a deficiency. Such action by the IRS only extends the period for defendant to act. Defendant must act within that period and in doing so is not limited to the changes made by the IRS.

"When the department is notified of a federal correction, the department is not limited to the adjustments reflected on the Internal Revenue Service Report or the taxpayer's amended return. The department may also make any adjustments deemed necessary to properly reflect Oregon taxable income for the year in question." OAR 150-314.410(3)(3).

Defendant's Opinion and Order No. 91-0925 must be sustained. Costs to neither party.