Argued and submitted September 8, judgment of the Tax Court reversed
November 17, 1994

Leslie SWARENS,
*Appellant,*

*v.*

DEPARTMENT OF REVENUE,
State of Oregon,
*Respondent.*

(OTC 3413; SC S40906)

883 P2d 853

Carl N. Byers, Judge.

Daniel C. Re, of Holmes, Hurley, Bryant, Lovlien & Lynch, Bend, argued the cause on behalf of appellant. With him on the briefs was Kevin J. Keillor, Bend.

Jerry Bronner, Assistant Attorney General, Salem, argued the cause on behalf of respondent. With him on the brief was Theodore R. Kulongoski, Attorney General, Salem.

UNIS, J.

## UNIS, J.

This is a direct appeal from a judgment of the Oregon Tax Court that affirmed an order of the Oregon Department of Revenue (the department) ordering Leslie Swarens (taxpayer) to pay additional personal income tax for the 1981 tax year.

The facts are not in dispute. Before and during 1981, taxpayer was a partner in an investment partnership. The partnership invested in tax shelters in 1979. Based on the partnership's investments, the partnership reported large ordinary losses in 1979, 1980, and 1981. The partners deducted 100 percent of the losses against their ordinary income. Based on the partnership investments, the partnership reported large long-term capital gains in 1981 and 1982. After taking into account the deductions related to long-term capital gains, the partners included 40 percent of the gains in their income for the 1981 and 1982 tax years.

The Internal Revenue Service (IRS) subsequently determined that the tax shelters in which the partnership had invested were shams and had no economic substance. The IRS audited taxpayer's 1979 and 1980 federal income tax returns and disallowed all losses claimed from the tax shelters.

On March 15, 1985, taxpayer filed "protective claims for refund" with both the IRS and the department for the 1981 tax year based on the elimination of the long-term capital gains reported for that year. The protective claims for taxpayer's 1981 tax year did not address the ordinary loss claimed on taxpayer's 1981 federal and Oregon income tax returns.

On April 5, 1989, the IRS sent taxpayer a letter confirming a refund for the 1981 tax year. The IRS later discovered that it had overlooked that, on taxpayer's federal income tax return for 1981, taxpayer had claimed an ordinary loss with respect to the investment in the tax shelter. On discovering the oversight, the IRS withdrew its approval of the refund. As part of its procedure for evaluating taxpayer's claim for refund, the IRS issued a revised federal audit report for taxpayer's 1981 tax year that disallowed the ordinary loss

claimed to have arisen from the tax shelter loss and eliminated the capital gains. The revised federal audit report also revised taxpayer's federal taxable income. Based on the disallowed ordinary loss, the IRS concluded that taxpayer was not entitled to a refund for the 1981 tax year. The IRS did not assess any additional tax for taxpayer's 1981 tax year, however. The form sent to taxpayer noted: "Limited by Statute."

The department received a copy of the federal audit report and related documents on May 14, 1990. On November 7, 1990, the department issued a notice of deficiency to taxpayer for tax and interest with respect to the 1981 tax year in the amount of $11,237.12. Taxpayer objected to the notice of deficiency. On January 29, 1991, the department issued a notice of assessment to taxpayer with respect to the 1981 tax year.

Taxpayer appealed the assessment within the department, arguing that the notice of deficiency was barred by the statute of limitations. After a hearing, the department issued an order requiring taxpayer to pay the assessment. Taxpayer appealed to the Tax Court, which affirmed the department's order. *Swarens v. Dept. of Rev.*, 12 OTR 517 (1993). On *de novo* review, ORS 305.445, we reverse the judgment of the Tax Court.

Generally, the department must file a notice of deficiency within three years after an income tax return is filed. ORS 314.410(1). ORS 314.410(3)[1] provides for an exception, however:

> "If the Commissioner of Internal Revenue or other authorized officer of the Federal Government makes a *correction resulting in a change in tax for state * * * income tax purposes*, then notice of a deficiency under any law imposing tax may be mailed within two years after the department is notified by the taxpayer or the commissioner of such federal correction, or within [certain other time periods not pertinent to this case]." (Emphasis added.)

Both parties agree that the notice of deficiency was filed more than three years after taxpayer filed his 1981 tax return. Both

---

[1] We cite to the present version of ORS 314.410(3). ORS 314.410(3) (1989), which is applicable to this case, was amended in 1993, Or Laws 1993, ch 726, § 14, in a manner not pertinent to our decision in this case.

parties also agree that the department mailed the notice of deficiency within two years after the department was notified of the "correction" by the IRS. The parties disagree, however, as to whether the IRS audit was a "correction resulting in a change in tax for state income tax purposes."

Taxpayer argues that the pertinent wording in ORS 314.410(3) is an *extension* of the three-year statute of limitations, which applies only when an IRS correction (1) changes the taxpayer's federal taxable income and (2) is made with respect to a year that is open for state tax assessment at the time the correction is made. The department argues that ORS 314.410(3) *reopens* the statute of limitations and that any change by the IRS to a taxpayer's federal taxable income triggers the new limitations period under ORS 314.410(3), regardless of whether the statute of limitations already had run at the time of the correction. For the reasons that follow, we conclude that taxpayer's reading of the statute is correct.

In order for the exception to the statute of limitations to apply under ORS 314.410(3), the IRS correction must result in "a change in tax for state * * * income tax purposes." In interpreting that statute, we seek to discern the intent of the legislature, and we begin with its text and context. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 611, 859 P2d 1143 (1993).

■ The text of ORS 314.410(3) suggests that, for the new limitation period to apply, the IRS correction must occur within the original limitation period. The statute is conditioned on a correction "resulting in a *change in tax* for state * * * income tax purposes." (Emphasis added.) A change in a taxpayer's income tax cannot occur for a tax year unless that year is open to taxation. Because a tax year is open to taxation only within the limitation period, it follows that, for the extension in ORS 314.410(3) to apply, a correction must be made at a time within the statute of limitations.

The department offers a different interpretation, however. The department contends that, because "a change in tax for state income tax purposes" will generally result from an IRS correction that changes federal taxable income, the exception under ORS 314.410(3) applies whenever the correction results in a change in *federal taxable income*. In

other words, according to the department, "a change in tax for state income tax purposes" really means "a change in federal taxable income."

We reject the department's argument as inconsistent with the text and context of ORS 314.410(3) for two reasons. First, the statute expressly states that it is contingent on a change in "tax," not "income." In interpreting a statute, this court is not to omit words that have been inserted. ORS 174.010. Second, a related provision, ORS 314.380, provides in part:

> "(2) If the amount of a taxpayer's *federal taxable income* reported on a federal income tax return for any taxable year is changed or corrected by the United States Internal Revenue Service or other competent authority, *resulting in a change in the taxpayer's net income* which is subject to tax by this state, the taxpayer shall report such change or *correction in federal taxable income* to the department." (Emphasis added.)

That statute makes clear that, when the legislature intended to make a requirement contingent on a change in "federal taxable income," it said so expressly.

The context of a statute includes the statute's development through successive legislatures. *Krieger v. Just,* 319 Or 328, 336, 876 P2d 754 (1994). The wording of the statute of limitations under ORS 314.410(3) applies "if the Commissioner of Internal Revenue or other authorized officer of the Federal Government makes a correction *resulting in a change in tax for state * * * income tax purposes*." (Emphasis added.) Before 1969, the statute provided for an extension of the statute of limitations "if the Commissioner of Internal Revenue or other authorized officer of the Federal Government makes a correction resulting in *additional assessment of income tax for federal income tax purposes*." ORS 314.310(3) (1967) (emphasis added).[2] The wording was changed from "additional assessment of income tax for federal income tax purposes" to "additional income tax for state income tax purposes" in 1969. Or Laws 1969, ch 493, § 88.

---

[2] The phrase "resulting in additional income tax" was amended to read "resulting in *a change in* income tax" in 1983. Or Laws 1983, ch 162, § 53.

Under the 1967 version of ORS 314.410(3), a correction made after the initial limitations period had expired that changed federal taxable income would *not* have triggered the exception to the three-year limitations period because such a correction would not have resulted in the "assessment of additional income tax for federal purposes." The department argues and the Tax Court held that, based on the amendment to ORS 314.410(3) in 1969, ORS 314.410(3) must be read to apply whenever there is a correction that changes federal taxable income. The department argues that, in order to distinguish ORS 314.410(3) from its predecessor and to give the 1969 amendments substantive effect, this court must read ORS 314.410(3) to be triggered by any correction that changes federal taxable income, regardless of whether the statute of limitations has run. For the following reasons, we reject that argument.

An examination of Oregon Laws 1969, chapter 493, shows that the amendment to ORS 314.410(3) was not intended to be a substantive one. Sections 1 through 71 of Oregon Laws 1969, chapter 493, constitute the Personal Income Tax Act of 1969 (Act). Or Laws 1969, ch 493, § 1. The Act specifically states that "[i]t is the intent of the Legislative Assembly, by the adoption of this Act, in so far as possible, to make Oregon personal income tax law identical in effect to the provisions of the federal Internal Revenue Code of 1954 * * *." Or Laws 1969, ch 493, § 2. Thus, it is clear that, when the legislature amended ORS 314.410(3), it considered federal and state income tax to be essentially the same.

The amendment at issue in this case was contained in section 88 of chapter 493. It is not part of the Personal Income Tax Act of 1969, which made substantive changes to Oregon tax law. Rather, section 88 appears in the midst of twenty-five sections that merely change cross-references to sections of the Oregon Revised Statutes that were changed as a result of the Act. In essence, those final twenty-five sections appear to be "housekeeping" amendments that merely conform other sections of the revised statutes with those that were substantively changed.

In light of the apparent "housekeeping" nature of the 1969 amendment to ORS 314.410(3), and the fact that the Legislative Assembly at the time was operating under the

impression that it was making Oregon tax law essentially identical to federal tax law, we conclude that the 1969 amendment to ORS 314.410(3) did not substantively change the law.

This conclusion is supported by considering federal law. In 1969, 26 USC § 6501(a) (1964) provided in part: "Except as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within [three] years after the return was filed * * *." The limitation period in ORS 314.310(1) (1967) was a similar three-year period. The fact that the legislature was acting under the impression that taxation was the same under state and federal law, and that the statutes of limitations were the same under both, suggests that the legislature did not intend to change the applicability of ORS 314.410(3) when it amended that statute in 1969.

Our conclusion is further supported by considering the development of ORS 314.380(2), which, as noted above, specifically refers to IRS corrections that result in a change of "federal taxable income." The wording of ORS 314.380(2) was first enacted in 1963. Or Laws 1963, ch 509, § 1. Thus, when the legislature amended ORS 314.410(3) in 1969, it was familiar with the wording of ORS 314.380(2) and elected not to amend ORS 314.410(3) to be contingent on a change in federal taxable income. *See Seale et al v. McKennon,* 215 Or 562, 575, 336 P2d 340 (1959) (legislature is presumed to have had knowledge of prior enactments). Therefore, we do not believe that the legislature intended to change ORS 314.410(3) in the manner suggested by the department.

■     Our conclusion that ORS 314.410(3) extends the statute of limitations only when an IRS correction occurs within the relevant state limitation period also is consistent with the apparent purpose of ORS 314.410(3). The text and context of ORS 314.410(3) are ambiguous, so we consult legislative history. *See PGE v. Bureau of Labor and Industries, supra,* 317 Or at 611 (explaining methodology). The only legislative history regarding ORS 314.410(3) (1989) that sheds light on the purpose of the statute is the legislative history regarding the statutory predecessors to ORS 314.410(3). The predecessors of ORS 314.410(3) were first enacted in 1953. Or Laws 1953, ch 366, § 1; Or Laws 1953, ch

385, § 7; Or Laws 1953, ch 552, § 14.[3] The original statute provided in part:

> "If the Commissioner of Internal Revenue or other authorized officer of the Federal Government shall make a correction or additional assessment of income tax for federal income tax purposes, then a correction or additional assessment of income tax hereunder may be made within one year after such correction or additional assessment shall have become final." *Former* ORS 316.610(1) (1953).

The identical wording appeared in four different house bills in 1953, including HB 72. HB 72 was sponsored by the House Committee on Taxation at the request of the State Tax Commission. The Income Tax Division of the State Tax Commission filed a report with the legislature explaining HB 72 and the reasoning behind the exception now embodied in ORS 314.410(3):

> "The state presently has arrangements with the federal government under which abstracts of changes made by the Bureau of Internal Revenue with respect to taxpayers' federal returns are delivered to the commission for a fee. The federal government, like the state government, has a three-year statute of limitations and its auditors are working up to the deadline. The result is that since the year 1944, out of 16,000 abstracts received from the federal government, just under 14,000 have been useless to the commission because the period of limitations in which the commission could set up additional assessment on the taxpayer had expired before the abstracts were received. The taxpayers themselves rarely feel any duty with respect to such adjustments and in consequence the state experiences substantial loss of revenue to which it is entitled." Exhibit on HB 72, House Committee on Taxation (1953).

The report makes clear that the original purpose of the statute was to extend the statute of limitations in cases where a correction is made by the federal government *within* the statute of limitations. As discussed above, we do not believe

---

[3] Originally, the language of ORS 314.410(3) was part of an amendment to OCLA § 110-1522(1), which dealt with excise taxes. Or Laws 1953, ch 385, § 7 (ultimately codified as ORS 317.410 (1953)). The Personal Income Tax Act of 1953, Or Laws 1953, ch 304, was amended by Oregon Laws 1953, chapter 552, section 14, to include an identical provision concerning income tax. That provision was originally codified as ORS 316.610(1) (1953). In 1957, ORS 314.410(3) was enacted in lieu of ORS 317.410 and ORS 316.610. Or Laws 1957, ch 632, § 14.

the 1969 amendments to ORS 314.410(3) altered that legislative intent.

We conclude that, under ORS 314.410(3), a correction by the IRS extends the statute of limitations only if that correction is made before the state statute of limitations has run. In this case, the IRS correction was made more than three years after taxpayer filed his return, which was beyond the applicable state limitations period, ORS 314.410(1). Accordingly, the department is barred from assessing any additional tax for the 1981 tax year.

The judgment of the Tax Court is reversed.