**DEPARTMENT OF REVENUE,**
*Plaintiff,*

*v.*

**IBM CORPORATION,**
*Defendant.*

(TC 4442)

Oral argument on cross motions for summary judgment were held May 12, 2000, in the courtroom of the Oregon Tax Court, Salem.

James C. Wallace, Assistant Attorney General, Department of Justice, Salem, argued the cause for Plaintiff (the department).

J. Alan Jensen, Joel P. Leonard, Weiss, Jensen, Ellis & Howard, Portland, and James M. Thomas, Weiss, Jensen, Ellis & Howard, Seattle, argued the cause for Defendant (taxpayer).

Decision for Defendant rendered June 6, 2000.

## CARL N. BYERS, Judge.

Plaintiff Department of Revenue (the department) appeals from a Magistrate Decision holding that the department's notices of deficiency were barred by the statute of limitations. The department asserts that Defendant's (taxpayer) extension agreements with the Internal Revenue Service (IRS) extended the time for it to issue notices of deficiency. The matter is before the court on stipulated facts and cross motions for summary judgment.

### FACTS

Taxpayer timely filed Oregon corporate excise tax returns for the tax years 1978 through 1984. Taxpayer did not enter into any agreements with the department extending the time for it to audit and issue notices of deficiency for those years. However, taxpayer did agree to extend the period within which the IRS could assess federal deficiencies for those same years. Taxpayer's extension agreements with the IRS expired as follows: (1) tax year 1978 expired June 15, 1993, (2) tax years 1979 through 1981 expired December 31, 1993, and (3) tax years 1982 through 1984 expired June 30, 1994.

During the extension periods, the IRS made corrections to taxpayer's federal taxable income. The IRS issued revised audit reports (RAR) as follows: RARs for tax years 1978 through 1981 were dated June 11, 1993, and received by the department on August 30, 1993; and RARs for 1982 through 1984 were dated June 29, 1993, and received by the department on May 2, 1994.

On May 30, 1995, the department issued notices of deficiency for the years 1978 through 1984.

### ISSUE

Are the department's notices of deficiency barred by the statute of limitations?

### ANALYSIS

■ The administration of state corporate excise taxes are governed by statute. ORS 314.410[1] imposes time limits

---

[1] All references to the Oregon Revised Statutes are to 1993.

upon the department's authority to issue notices of deficiency. That statute may be viewed as providing a basic rule with specific exceptions. The basic rule, stated in ORS 314.410(1) is:

"* * * At any time within three years after the return was filed, the department may give notice of deficiency * * *."

Inasmuch as the notices of deficiency were issued in 1995 and the last year in which a return was filed in this case was 1985, the notices obviously do not fall within the three-year periods of limitation. However, ORS 314.410 contains a number of exceptions to this general rule.

The department claims that two exceptions apply to the facts of this case. First, the department claims exception under ORS 314.410(3). That subsection provides:

"* * * If the Commissioner of Internal Revenue or other authorized officer of the Federal Government makes a correction resulting in a change in the tax *for state excise or income tax purposes*, then notice of a deficiency under any law imposing tax upon or measured by income for the corresponding tax year may be mailed within two years after the department is notified by the taxpayer or the commissioner of such federal correction * * *." (Emphasis added.)

The department argues that its notices of deficiency were issued within two years from the date it received the RARs from the IRS. However, the department ignores the language of the statute emphasized above. The importance of that emphasized phrase was established in *Swarens v. Dept. of Rev.*, 320 Or 326, 330, 883 P2d 853 (1994), wherein the Supreme Court stated:

"The text of ORS 314.410(3) suggests that, for the new limitation period to apply, the IRS correction must occur within the original limitation period. The statute is conditioned on a correction 'resulting in a *change in tax* for state * * * income tax purposes.'" (Emphasis added.)

A change in a taxpayer's state income tax cannot occur unless that year is still open to taxation. Because a tax year is open to taxation only within a limited period, it follows that, for the ORS 314.410(3) extension to apply, the IRS

correction must be made and notice of that correction received before the state statute of limitations expires.

The primary point made by *Swarens* is that the limitation period of ORS 314.410(3), as it pertains to state income tax, is not extended by an IRS correction occurring within a limitation period for correcting federal income tax. *See Swarens*, 320 Or 326. Rather, it must occur before the state limitation period expires. The Supreme Court stated:

"Our conclusion that ORS 314.410(3) extends the statute of limitations only when an IRS correction occurs within the relevant state limitation period also is consistent with the apparent purpose of ORS 314.410(3)." *Id.* at 333.

After discussing the legislative history, the court considered a report issued by the State Tax Commission and found that:

"The report makes clear that the original purpose of the statute was to extend the statute of limitations in cases where a correction is made by the federal government *within* the statute of limitations. * * *

"We conclude that, under ORS 314.410(3), a correction by the IRS extends the statute of limitations only if that correction is made before the state statute of limitations has run." *Id.* at 334-35.

The three-year statute of limitation contained in subsection (1) had already tolled before the IRS made any corrections. Consequently, taxpayer's state excise tax was untouched and therefore, the two-year extension contained within subsection (3) will not apply.

The department claims that a second exception in subsection (8) of ORS 314.410 triggers the two-year extension contained in subsection (3). Subsection (8) provides:

"Notwithstanding the other provisions of this section, if any taxpayer agreed with the United States Commissioner of Internal Revenue for an extension * * * of the period for giving notices of deficiencies and assessing deficiencies in federal income tax for any year, the period for mailing notices of deficiencies of tax for such years shall be within the limits expressed in subsections (1) to (7) of this section

or six months after the date of the expiration of the agreed period for assessing deficiencies in federal income tax, whichever period expires the later."

The department believes that subsection (8) may resurrect the two-year exception available in subsection (3). In its reply brief, the department asked "the court to recognize that the word 'or' in subsection (8) means that [the department] has the longest of eight potential periods within which to issue a notice of deficiency, following a federal extension. If a timely, federal adjustment changes federal tax, then the two-year period following notification of the change is one of the potential periods." However, the department's construction ignores the language of subsection (8) as well as the Oregon Supreme Court's construction of subsection (3) contained in *Swarens*.

■    Whenever a taxpayer agrees with the IRS to extend the period for giving federal notices of deficiency, ORS 314.410(8) makes the limitation period the longest of any of the limitation periods provided by subsections (1) through (7) *or* six months after the federal extensions expire, whichever is later. Subsection (8) does not change the conditions controlling the periods in subsections (1) through (7). Therefore, in the absence of any agreement with the state, the additional two-year period of ORS 314.410(3) only applies if the federal correction was made within the state's three-year statute of limitation.

Here, the state had no extension agreement. Therefore, the extended period provided in subsection (3) only applies if the federal corrections are made within three years from when the return was filed. In short, the limitation period provided by subsection (3) is significantly shorter than the department would like.

Applied to the facts of this case, of all the *potential* extension periods available under subsection (8), only one provides any extension of the three-year statute of limitation. That one extension, contained within subsection (8) itself, allows deficiencies to be mailed within "six months after the date of the expiration of the agreed period for assessing deficiencies in federal income tax, whichever period expires the later." The department failed to send its deficiency notices

within those six months, and therefore its deficiency notices were void.

In conclusion, because the department failed to mail deficiency notices within the time periods required by ORS 314.410, each of the deficiencies for tax years 1978-84 mailed to the taxpayer was void. Now, therefore,

IT IS ORDERED that Plaintiff's cross motion for partial summary judgment is denied, and

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment is granted. Costs to neither party.