IN THE OREGON TAX COURT
REGULAR DIVISION

Ron KEIL,
*Plaintiff,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*
(TC 4537)

Ron Keil, Plaintiff (taxpayer), filed a response *pro se.*

Wendy Sanderson, Assistant Attorney General, Department of Justice, Salem, filed the motion for Defendant (the department).

Decision for Defendant rendered October 18, 2001.

**HENRY C. BREITHAUPT, Judge.**

This matter is before the court on a Motion for Summary Judgment filed by Defendant Department of Revenue (the department).

FACTS

The department's motion and related exhibits establish the following facts, none of which are contested by Plaintiff (taxpayer):

1. In respect of tax years 1995 and 1996, taxpayer did not file returns until May 18, 2000. Such returns requested refunds of income taxes withheld by taxpayer's employer and paid over to the State of Oregon;

2. The department issued Notices of Refund Denial on July 31, 2000;

3. Taxpayer filed his Complaint in the Magistrate Division of this court December 26, 2000; and

4. Taxpayer failed to appear and participate in a telephone case management conference in the Magistrate Division of this court February 21, 2001, following which the magistrate notified taxpayer that if he failed to contact the court by March 23, 2001, his case would be dismissed. As of April 9, 2001, no response had been received by the court, and the case was dismissed. Taxpayer then filed this appeal.

## ISSUE

Should taxpayer's case be dismissed?

## ANALYSIS

The record indicates that taxpayer has systematically failed to attend to his responsibilities regarding taxation by Oregon, including taking action within the time periods permitted under Oregon law with respect to refunds of taxes and the prosecution of appeals from action by the department. Taxpayer asserts that withholdings by his employer were done in error and that he at no time worked in the State of Oregon. Even if that is the case, taxpayer failed to take any action with respect to a claim for refund of taxes withheld in calendar years 1995 and 1996 until May 18, 2000. ORS 314.415(1)(b)(A)[1] provides that where, as here, a refund is claimed on an original return, it cannot be allowed in any case unless the return is filed within three years of the due date, excluding extensions, of the return in respect of which the tax might have been credited. On those facts, the time periods expired April 15, 1999, and April 17, 2000. Taxpayer's claims for refunds came after those dates, and the department had no authority under law to make refunds.

In opposition to the department's Motion for Summary Judgment, taxpayer seems to argue that a taxpayer is

---

[1] All references to the Oregon Revised Statutes (ORS) are to 1999.

unfairly in a position materially different from the department with respect to time limits on action for refund or deficiency. Taxpayer argues that the department operates without time limitations. In that contention, taxpayer is in error. In the same way that ORS 314.415 places time limitations on claims for refund, ORS 314.410 places time limitations on the department for issuing notices of deficiency. Those provisions, as well as other time constraints, have operated to prohibit the department from proceeding with claims against taxpayers. *See, e.g., Swarens v. Dept. of Rev.*, 320 Or 326, 883 P2d 853 (1994) (applying the provisions of ORS 314.410 to bar the department from collection of taxes); *Anaconda Company v. Dept. of Rev.*, 278 Or 723, 565 P2d 1084 (1977) (dismissing a department action to collect taxes where the department failed to hold a hearing within the time required by statute).

Other taxpayers have been barred from pursuing refund claims where they failed to comply with the time limits prescribed by Oregon law. *See, e.g., Morris v. Dept. of Rev.*, 320 Or 579, 583-84, 889 P2d 1294 (1995). Objecting to the department's motion, taxpayer pleads to this court for "fair and equal treatment." That plea ignores that statutory time limits are and have been applied against both the state and other taxpayers. To apply some other rule to taxpayer in this case would defeat "fair and equal treatment."

Taxpayer followed his untimely refund request with an untimely filing for relief with the Magistrate Division of this court. He then failed to appear in the proceedings in the Magistrate Division even though he was afforded two opportunities to do so. Each of those failures could be grounds for granting the department's Motion for Summary Judgment, but that motion is granted on the basis of taxpayer's fundamental failure to comply with the relevant statute of limitations on claims for refunds. Now, therefore,

IT IS ORDERED that Defendant's Motion for Summary Judgment is granted, and

IT IS FURTHER ORDERED that Plaintiff's Complaint is dismissed. Costs to Defendant.