On appellant's petition for attorney fees and statement of costs and disbursements filed November 23, 1994,* statement of costs and disbursements allowed with instructions; petition for attorney fees allowed and appellant's additional request for costs allowed March 30, 1995

Leslie SWARENS,
*Appellant,*

*v.*

DEPARTMENT OF REVENUE,
State of Oregon,
*Respondent.*

(OTC 3413; SC S40906)

890 P2d 1374

---

* Appeal from the Tax Court, Carl N. Byers, Judge. 12 OTR 517 (1993). 320 Or 326, 883 P2d 853 (1994) (on the merits).

Daniel C. Re, of Holmes, Hurley, Bryant, Lovlien & Lynch, Bend, filed the petition, statement, and reply to objection for appellant.

Jerry Bronner, Assistant Attorney General, Salem, filed the objections for respondent. With him was Theodore R. Kulongoski, Attorney General.

GRABER, J.

## GRABER, J.

In *Swarens v. Dept. of Rev.*, 320 Or 326, 883 P2d 853 (1994), this court was called on to interpret ORS 314.410(3) in a situation in which the Internal Revenue Service disallowed deductions for losses claimed from tax shelters. The court held that ORS 314.410(3) extended the usual three-year statute of limitations, as taxpayer argued, rather than reopening the statute of limitations period, as the Department of Revenue (department) argued. 320 Or at 330-35.

Thereafter, in a timely fashion, taxpayer filed a statement of costs and disbursements and a petition for attorney fees. The department filed objections to each.

## STATEMENT OF COSTS AND DISBURSEMENTS

When taxpayer filed his notice of appeal in this court, he deposited $500 in cash with the Tax Court, in lieu of filing an undertaking for costs on appeal. ORS 19.040; ORS 22.020. Taxpayer includes in his cost bill a request for "Premium for Supersedeas Bond $500."

The department objects on the ground that the $500 was not a "premium," but rather a deposit in lieu of paying a premium for a bond to support an undertaking. That objection is well taken. We disallow the $500 item but direct the Tax Court to release taxpayer's $500 deposit to him.

There is no objection to the remainder of the cost bill, and we find nothing amiss therein. Taxpayer is awarded costs of $236.

## ATTORNEY FEES

Taxpayer petitions for attorney fees of $15,116 (plus costs of $147.20 not included in the petition for costs and disbursements). He claims entitlement thereto under ORS 305.447, which provides in part:

"If, in an appeal under ORS 305.445 involving taxes upon or measured by net income in which an individual taxpayer is a party or involving gift taxes, the court grants the refund claimed by the taxpayer or denies the additional assessment of taxes claimed by the department to be due from the taxpayer, the court *may* allow the taxpayer:

"(1) Reasonable attorney fees for the appeal under ORS 305.445 and for any prior proceeding in the matter before the department or the tax court or, if prior proceedings in the matter were conducted before the department and the tax court, for both[.]" (Emphasis added.)

The department concedes that this court has authority to award attorney fees to taxpayer under ORS 305.447, and it does not contest the reasonableness of the amount claimed. The department emphasizes, however, that the statute gives this court discretion whether to award fees, by its use of the word "may." The department argues, further, that the court should exercise its discretion not to award a fee in the circumstances of this case.

In particular, the department urges us to adopt the approach taken by the Court of Appeals in *Van Gordon v. Ore. State Bd. of Dental Examiners*, 63 Or App 561, 666 P2d 276 (1983). In *Van Gordon*, the Court of Appeals interpreted *former* ORS 183.495, relating to attorney fees on judicial review of an agency's action arising under Oregon's Administrative Procedures Act (APA). That court held that fee awards under the APA serve two functions: "as deterrents to groundless or arbitrary agency action" and as a means "to redress individuals who have borne unfair financial burdens defending against groundless charges or otherwise attempting to right mistakes that agencies should never have committed." 63 Or App at 565-66. With those functions in mind, the court turned to a consideration of cases involving an erroneous interpretation of law (ORS 183.482(8)(a)). The Court of Appeals ruled that it would assess a fee against an agency when an agency erroneously interprets an unambiguous statute or interprets an ambiguous statute in an unreasonable way, but would not assess a fee when the agency's interpretation is facially reasonable but erroneous. *Id.* at 568-69.

Taxpayer correctly notes that *former* ORS 183.495 has been repealed, Or Laws 1985, ch 757, § 7, although some of its provisions were incorporated into ORS 183.497, *id.* at § 5. Taxpayer also notes, correctly, that the wording of ORS 305.447 differs from that in both the former and the present versions of the APA statute. Taxpayer asks the court to adopt the approach taken by the Tax Court in *Romani v. Dept. of*

*Rev.*, 10 OTR 64 (1985). *Romani* concerned ORS 305.490(2).[1] The Tax Court held:

"Generally the court will award attorney fees under ORS 305.490(2) in cases where it appears that the Department of Revenue has taken an arbitrary or unreasonable position in interpreting the law or construing the facts. Likewise, *where the law, regulation or tax forms are ambiguous or unclear, the court will award attorney fees and expenses* since the resulting clarification is for the benefit of the public in general. The court will also be inclined to grant attorney fees in cases where it appears just and equitable." *Id.* at 74 (emphasis added).

With respect to situations in which an agency erroneously, but reasonably, interprets an ambiguous statute, the *Romani* standard would result in an award of attorney fees, while the *Van Gordon* standard would not.[2]

We note, first, that the statute providing for fees here, ORS 305.447(1), is not itself ambiguous. As both parties recognize, that statute gives this court discretion whether to award attorney fees or not when a taxpayer prevails before this court in an appeal under ORS 305.445.[3] The issue is how we shall choose to exercise that discretion when the department erroneously interprets a statute.

---

[1] ORS 305.490(2) provides:

"If, in any proceeding under this section involving taxes upon or measured by net income in which an individual taxpayer is a party, or involving gift or inheritance taxes, the court grants a refund claimed by the executor or taxpayer or denies in part or wholly an additional assessment of taxes claimed by the department to be due from the estate or taxpayer, the court may allow the taxpayer, in addition to costs and disbursement:

"(a) Reasonable attorney fees for the proceeding under this section and for the prior proceeding in the matter, if any, before the department; and

"(b) Reasonable expenses as determined by the court. Expenses include accountant fees and fees of other experts incurred by the executor or individual taxpayer in preparing for and conducting the proceeding under this section and the prior proceeding in the matter, if any, before the department.

"Payment of attorney fees or reasonable expenses shall be made by the department in the manner provided by law for the payment of income tax refunds."

[2] We note that the emphasized sentence in the *Romani* opinion appears to be inconsistent with the sentence that precedes it, at least in the situation presented here, but that apparent inconsistency is not pertinent to our decision.

[3] We need not and do not decide how the Tax Court ought to exercise its discretion when a taxpayer prevails before that court in an appeal.

■ We agree with the parties that an explanation of how we choose to exercise our discretion will be of benefit to those involved in future tax appeals. In general, we also agree with the rationale of the court in *Van Gordon* when it addressed its exercise of discretion to award fees in the face of an agency's erroneous but reasonable interpretation of a statute. That is, generally, when an agency erroneously but reasonably interprets a statute, the purposes ascribed to the attorney fee statute are not served by a fee award:

> "A fee award will not deter similar actions in the future, because reasonable misinterpretations are mistakes made in good faith rather than reckless or intentional decisions to adopt erroneous constructions. There is also less of a 'fairness' justification for attorney fees in such cases." 63 Or App at 568.

The *Romani* formulation makes sense with respect to ambiguous regulations or tax forms, because those are within the department's control to make clear, but the same cannot be said of the statutes that the department is required to apply. Under ORS 305.447(1), we will be guided, *inter alia*, by the following principle in exercising our discretion when a taxpayer prevails on appeal: We usually will exercise our discretion to award attorney fees to the taxpayer when the department's interpretation contradicts the clear meaning of a controlling statute, as disclosed by that statute's text and context or legislative history.

■ We next apply that standard. In *Swarens*, this court held that the text and context of ORS 314.410(3) were ambiguous. 320 Or at 333. After consideration of the legislative history of the statute, in addition to text and context, the court determined that the department's interpretation was erroneous. *Id.* at 335. We note that the statute in question was introduced *at the request of* the State Tax Commission (the department's predecessor) and that *its own report*, explaining the legislation, made clear the purpose of the statute. *Id.* at 334. That method of analysis followed the first two levels of statutory interpretation set forth in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993).[4]

---

[4] We do not hold, or mean to suggest, that we would exercise our discretion in the same way if the third level of the *PGE* analysis were reached.

Here, the meaning of ORS 314.410(3) could be discerned clearly after consulting its legislative history — for which the department's predecessor itself was responsible — along with its text and context, and the agency's interpretation departed from that meaning. Accordingly, we exercise our discretion to award attorney fees. The department does not argue that the amount requested by taxpayer is unreasonable, and we find that the amount requested is reasonable.[5]

## CONCLUSION

Taxpayer's statement of costs and disbursements is allowed in the amount of $236. The Tax Court is directed to release to taxpayer his deposit of $500 in lieu of an undertaking for the appeal. Taxpayer's petition for attorney fees is allowed in the amount of $15,116. Taxpayer's additional request for costs is allowed in the amount of $147.20.

---

[5] In the petition for attorney fees, taxpayer also requested $147.20 in costs that were not included in the petition for costs and disbursements. The department did not object. Accordingly, we award taxpayer the requested costs of $147.20. *See* ORAP 13.10(6) (providing for award of fees when no objection made).