Submitted on the record January 23, 2001, affirmed February 21, 2001

Wallace L. and Elizabeth PREBLE,
*Appellants,*

*v.*

DEPARTMENT OF REVENUE,
*Respondent.*

(OTC 4130; SC S45863)

19 P3d 335

Kevin O'Connell, Kevin O'Connell, P.C., Portland, filed the petition, statement, and reply to objection for appellants.

Jerry Bronner, Assistant Attorney General, Salem, filed the objection for respondent. With him on the objection was Hardy Myers, Attorney General.

Before Carson, Chief Justice, and Gillette, Durham, Leeson, Riggs, and De Muniz, Justices.*

DURHAM, J.

* Kulongoski, J., did not participate in the consideration of the petition or statement.

## DURHAM, J.

Taxpayers prevailed in this court in their appeal from a judgment of the Oregon Tax Court. *Preble v. Dept. of Rev.*, 331 Or 320, 14 P3d 613 (2000). Taxpayers have filed a petition for attorney fees and a statement of costs and disbursements. The Department of Revenue (department) has filed objections to each. The court overrules the department's objection to the statement of costs and disbursements and awards taxpayers the sum of $1,054.43. For the reasons that follow, the court denies the petition for attorney fees.

■ ORS 305.447(1) grants this court discretion to award attorney fees to taxpayers. In *Swarens v. Dept. of Rev.*, 320 Or 669, 674, 890 P2d 1374 (1995), this court stated that it would apply the following standard in exercising discretion under ORS 305.447(1):

> "We agree with the parties that an explanation of how we choose to exercise our discretion will be of benefit to those involved in future tax appeals. In general, we also agree with the rationale of the court in *Van Gordon* [*v. Ore. State Bd. of Dental Examiners*, 63 Or App 561, 666 P2d 276 (1983)] when it addressed its exercise of discretion to award fees in the face of an agency's erroneous but reasonable interpretation of a statute. That is, generally, when an agency erroneously but reasonably interprets a statute, the purposes ascribed to the attorney fee statute are not served by a fee award:

> > " 'A fee award will not deter similar actions in the future, because reasonable misinterpretations are mistakes made in good faith rather than reckless or intentional decisions to adopt erroneous constructions. There is also less of a "fairness" justification for attorney fees in such cases.' 63 Or App at 568.

> "The *Romani* [*v. Dept. of Rev.*, 10 OTR 64 (1985),] formulation makes sense with respect to ambiguous regulations or tax forms, because those are within the department's control to make clear, but the same cannot be said of the statutes that the department is required to apply. Under ORS 305.447(1), we will be guided, *inter alia*, by the following principle in exercising our discretion when a taxpayer prevails on appeal: We usually will exercise our discretion to award attorney fees to the taxpayer when the department's interpretation contradicts the clear meaning

of a controlling statute, as disclosed by that statute's text and context or legislative history."

After this court issued *Swarens*, the legislature enacted ORS 20.075. Or Laws 1995, ch 618, § 6. That statute sets out a number of factors that "[a] court" must consider in determining whether to make a discretionary award of attorney fees and the amount of any award. ORS 20.075 applies to an award of attorney fees by an appellate court. *McCarthy v. Oregon Freeze Dry, Inc.*, 327 Or 84, 92, 957 P2d 1200, *on recons* 327 Or 185, 957 P2d 1200 (1998). The question presented is: After the enactment of ORS 20.075, does the principle discussed in *Swarens* continue to influence the court's decision to award or deny attorney fees under ORS 305.447(1)?

ORS 20.075 is mandatory.[1] The court must consider the factors listed in ORS 20.075(1) in deciding whether to exercise discretion granted by a statute to award attorney fees. However, one of the listed factors, subsection (1)(h), requires consideration of "[s]uch other factors as the court may consider appropriate under the circumstances of the case." That factor grants the court discretion to consider

---

[1] ORS 20.075 provides, in part:

"(1) A court shall consider the following factors in determining whether to award attorney fees in any case in which attorney fees are authorized by statute and in which the court has discretion to decide whether to award attorney fees:

"(a) The *conduct of the parties in the transactions or occurrences that gave* rise to the litigation, including any conduct of a party that was reckless, willful, malicious, in bad faith or illegal.

"(b) The objective reasonableness of the claims and defenses asserted by the parties.

"(c) The extent to which an award of an attorney fee in the case would deter others from asserting good faith claims or defenses in similar cases.

"(d) The extent to which an award of an attorney fee in the case would deter others from asserting meritless claims and defenses.

"(e) The objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings.

"(f) The objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute.

"(g) The amount that the court has awarded as a prevailing party fee under ORS 20.190.

"(h) Such other factors as the court may consider appropriate under the circumstances of the case."

other factors, in addition to the factors listed expressly in subsection (1)(a)-(g), if the court decides that that is appropriate under the circumstances of the case.

Properly understood, *Swarens* is illustrative of such an additional factor that this court usually will deem to be worthy of consideration in these circumstances. In *Swarens*, this court recognized that an award of attorney fees does not serve the purposes underlying the attorney fees statute if the department erroneously, but reasonably, has interpreted the controlling statute. *Swarens* also stated that a fee award is appropriate if the department adopts a construction of the controlling statute that contradicts its clear meaning, "as disclosed by that statute's text and context or legislative history." 320 Or at 674.

A problem inheres in the analytical dividing line that *Swarens* sought to draw. The first point expressed in *Swarens*—that a fee award is not appropriate if the department erroneously, but reasonably, has interpreted the controlling statute—unquestionably is correct. However, the second point expressed in *Swarens* focuses not on whether the department's statutory interpretation is reasonable, even if erroneous, but on whether the meaning of the statute, as disclosed by the court's analysis of the statute's text and context or legislative history, is different than the meaning adopted by the department. The latter approach focuses too narrowly on the statute's text and context or legislative history and omits appropriate consideration of whether the department's erroneous statutory construction was the result of a reasonable mistake on its part. In our view, the correct approach is to consider not only the meaning of the statute, as determined by the court, but also all the surrounding circumstances that help to explain whether the department's erroneous statutory construction was the result of a reasonable mistake.

Despite the analytical problem noted above, the court in *Swarens* actually followed the correct approach, as described above, and reached the correct conclusion in allowing an award of attorney fees. The court had determined that the text and context of the statute at issue, ORS 314.410(3), was ambiguous. *Swarens v. Dept. of Rev.*, 320 Or 326, 333,

883 P2d 853 (1994). The court had then turned to the legislative history of the statute and discovered that the department's predecessor, the State Tax Commission, had proposed the statute in question and had explained its purpose in a report. *Id.* at 334. Despite that clear evidence of the statute's meaning, the department had adopted a statutory interpretation that contradicted the meaning that the legislative history clearly identified. 320 Or at 675. Under the circumstances, the department's statutory interpretation was unreasonable, not the result of a reasonable mistake on its part, and justified an award of attorney fees. *Id..*

██ Several of the factors listed in ORS 20.075(1)(a)-(g) guide the court, in determining whether to award attorney fees, to consider the objective reasonableness, good faith, and diligence of the parties' conduct, including their claims and defenses. Those factors do not refer expressly to the reasonableness of a government agency's interpretation of a controlling statute, but they probably would permit, if not require, consideration of that issue. In any event, we deem it appropriate to include that matter, as explained above, as a factor that the court considers under ORS 20.075(1)(h) when determining whether to award attorney fees under ORS 305.447(1).

█ We next consider the record in this case in light of the factors set out in ORS 20.075(1). In this proceeding, taxpayers argued that the department's notice of deficiency was invalid because it did not include the certification required by ORS 305.265(2)(c).[2] The department acknowledged that the

---

[2] ORS 305.265 provides, in part:

"(2) * * * If the department discovers from an examination or an audit of a report or return or otherwise that a deficiency exists, it shall compute the tax and give notice to the person filing the return of the deficiency and of the department's intention to assess the deficiency, plus interest and any appropriate penalty. Except as provided in subsection (3) of this section, the notice shall:

"(a) State the reason for each adjustment;

"(b) Give a reference to the statute, regulation or department ruling upon which the adjustment is based; and

"(c) *Be certified by the department that the adjustments are made in good faith and not for the purpose of extending the period of assessment.*

"(3) When the notice of deficiency described in subsection (2) of this section results from the correction of a mathematical or clerical error and states

notice of deficiency lacked the statutory certification. However, it contended that the court should determine that the absence of the certification did not affect the validity of the notice.

This court determined that the phrase "the notice shall" in ORS 305.265(2) expresses a clear legislative mandate to require the certification. *Preble*, 331 Or at 324. However, the question of the *validity* of a notice of deficiency that lacked the certification admitted of no simple answer. ORS 305.265 does not state expressly whether a notice of deficiency that lacks the certification is valid or invalid. The court answered that question only after considering the statutory text as a whole, including the practical consequences of an inadequate notice on the statutory scheme for contesting a proposed deficiency. 331 Or at 324-25. Although the court was able to discern the clear intent of the legislature after examining ORS 305.265 in detail, we cannot say that the text was so clear on the issue of the validity of a deficient notice as to preclude reasonable but conflicting legal arguments as to its meaning.

We conclude that the department erroneously interpreted the legislature's intention regarding the validity of the notice, but that the department's mistake was a reasonable misinterpretation of the statute. Under the circumstances, the factors set out in ORS 20.075(1)(a)-(h) weigh against an award of attorney fees. As *Swarens* noted, a fee award will not deter a similar misinterpretation in the future, because the interpretive error here resulted from a good faith, reasonable mistake by the department. 320 Or at 674 (citing *Van Gordon*, 63 Or App at 568). We consider that fact particularly under ORS 20.075(1)(h). As a consequence of the foregoing, we exercise our discretion under ORS 305.447(1) to deny the petition for attorney fees.

Appellants' statement of costs and disbursements is allowed in the sum of $1,054.43. Appellants' petition for attorney fees is denied.

---

what would have been the correct tax but for the mathematical or clerical error, such notice need state only the reason for each adjustment to the report or return."

(Emphasis added.)