DEPARTMENT OF REVENUE,
*Plaintiff,*

*v.*

Joseph W. Jay RAKOCY,
*Defendant.*

(TC 4504)

Douglas M. Adair, Assistant Attorney General, Department of Justice, Salem, filed the motion for Plaintiff (the department).

Alan S. Lanker, Fewel & Brewer, Corvallis, filed the response for Defendant (taxpayer).

Decision for Plaintiff rendered October 4, 2001.

### CARL N. BYERS, Senior Judge.

This matter is before the court on Plaintiff Department of Revenue's (the department) Motion for Reconsideration. The department appealed a magistrate decision allowing taxpayer's claim for impairment-related work expenses. In the Regular Division, the matter was submitted on motions for summary judgment. That division held that the expenses were not impairment-related work expenses, but some did qualify as medical expenses and awarded taxpayer attorney fees. The department's Motion for Reconsideration asserts that taxpayer does not meet either statutory or case standards for receiving an award for attorney fees. The parties have submitted written memoranda in support of their respective positions.

As a general rule, courts may not award attorney fees unless authorized by statute or provided for by contract. *Mattiza v. Foster*, 311 Or 1, 4, 803 P2d 723 (1990). Where authorized by statute, the court's authority is limited by the scope of the statute. *See, e.g., Van Gordon v. Ore. State Bd. of Dental Examiners*, 63 Or App 561-62, 572, 666 P2d 276 (1983) (declining to award attorney fees for any proceedings except judicial review of the agency's "final order"). ORS 305.490(3)(a)[1] provides, in part:

> "If, in any proceeding before the tax judge involving taxes upon or measured by net income in which an individual taxpayer is a party, * * * the court grants a refund * * * or denies in part or wholly an additional assessment of taxes, * * * the court may allow the taxpayer, in addition to costs and disbursements, the following:

---

[1] All references to the Oregon Revised Statutes are to 1999.

"(A) Reasonable attorney fees for the proceeding under this section and for the prior proceeding in the matter, if any, before the magistrate[.]"

The "may allow" language makes the authority discretionary with the court. *Swarens v. Dept. of Rev.*, 320 Or 669, 672, 890 P2d 1374 (1995) (construing ORS 305.447).

■     ORS 305.490(3)(a) is unusual in two respects when compared with many other attorney fee award statutes. First, it does not adopt the concept of a "prevailing party" or overall winner. For example, if the department assesses $10,000 additional income taxes, the court may deny only $500 and enter judgment against the taxpayer for the remaining $9,500. Yet, under the statute, the court may award the taxpayer attorney fees. Second, the statute is one-sided. Only the taxpayer may receive attorney fees, and only the department is obligated to pay attorney fees. *See* ORS 305.490(3)(b). These features are mentioned in order to distinguish ORS 305.490(3) from other statutory provisions providing for attorney fees.

Aside from the conditions on which the court may grant an award, the statute provides no guidance as to how the court should exercise its discretion. Guided by the decision of the Court of Appeals in *Van Gordon*, 63 Or App 561, in *Romani v. Dept. of Rev.*, 10 OTR 64, 74 (1985), this court set out some guidelines for exercising its discretion. It indicated that it will award attorney fees where the department has taken an unreasonable position. It also stated:

"* * * Likewise, where the law, regulation or tax forms are ambiguous or unclear, the court will award attorney fees and expenses since the resulting clarification is for the benefit of the public in general. * * *." *Id.*

It is appropriate at this juncture to point out differences in discretion exercised by this court and by the Supreme Court. ORS 305.490(3) and ORS 305.447 were enacted in 1971 in the same bill. *See* Or Laws 1971, ch 265, §§ 1, 3. The court has examined the act's legislative history to discover any discussion as to its purpose or the legislature's intent with regard to the court's discretion. Regrettably, the audio tapes and some exhibits are missing from the Oregon State Archives. The typed summaries or digests of committee

discussions do not contain any helpful information. It is noteworthy that the original bill used the word "shall," which would have made the award of attorney fees under ORS 305.490(3) mandatory. *See* Exhibit B, Senate Taxation Committee, HB 1002, Apr 28, 1971 (printed HB 1002 with amendments). The word "shall" was changed to "may" in the final version of the bill. *See id.* Also, in the original bill, the wording in ORS 305.490(3) and ORS 305.447 was the same. In the final version of the bill, the language in ORS 305.490(3) was changed to add the words "in whole or in part." *See id.*

As indicated, this court in *Romani* set down guidelines for the exercise of its discretion. The Supreme Court in exercising its discretion under ORS 305.447, has also set forth guidelines, but has taken a more narrow view. In *Swarens* that court states:

> "[w]e usually will exercise our discretion to award attorney fees to the taxpayer when the department's interpretation contradicts the clear meaning of a controlling statute, as disclosed by that statute's text and context or legislative history." 320 Or at 674.

The Supreme Court's decision rests on the premise that the purpose of the fee award is not served if the agency has acted reasonably or made a reasonable interpretation of the statute. *See Preble v. Dept. of Rev.*, 331 Or 599, 603, 19 P3d 335 (2001). That premise is based on the rationale set forth in *Van Gordon*. However, the rationale in *Van Gordon* was in turn based on the legislative history of the statute there construed (*former* ORS 183.495). *See* 63 Or App at 565. The legislative history revealed that the provision for awarding attorney fees was placed in the statute to provide the Court of Appeals authority to award attorney fees where the "agency has acted arbitrarily." *See Brown v. Adult and Family Services*, 51 Or App 213, 216, 625 P2d 160 (1981). No such legislative history or policy has been expressed with regard to the provisions of ORS 305.490(3), and this court finds no reason or basis to assume the legislature intended such.

In addition to the above, the legislature has imposed other consideration upon the court's exercise of its discretion. ORS 20.075(1) provides:

"A court shall consider the following factors in determining whether to award attorney fees in any case in which attorney fees are authorized by statute and in which the court has discretion to decide whether to award attorney fees:

"(a)   The conduct of the parties in the transactions or occurrences that gave rise to the litigation, including any conduct of a party that was reckless, willful, malicious, in bad faith or illegal.

"(b)   The objective reasonableness of the claims and defenses asserted by the parties.

"(c)   The extent to which an award of an attorney fee in the case would deter others from asserting good faith claims or defenses in similar cases.

"(d)   The extent to which an award of an attorney fee in the case would deter others from asserting meritless claims and defenses.

"(e)   The objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings.

"(f)   The objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute.

"(g)   The amount that the court has awarded as a prevailing party fee under ORS 20.190.

"(h)   Such other factors as the court may consider appropriate under the circumstances of the case."

By its terms, the statute applies to "any case" and therefore applies to cases in this court. Taxpayer points out that subparagraph (g) requires the court to consider awards made under ORS 20.190, a statute that is not applicable to the tax court. Taxpayer reasons that because ORS 20.190 is not applicable to the tax court, requiring consideration of that factor suggests that the legislature did not intend for ORS 20.075 to apply to the tax court. While there is some logic to that argument, the clear language of ORS 20.075 is not amenable to any other construction. It uses "any case" and "a court" and therefore must apply to the Oregon Tax

Court. As the Supreme Court held in *Preble*, that provision is mandatory. 331 Or at 602.

■ As can been seen, subparagraph (h) directs the court to consider "such other factors as the court may consider appropriate under the circumstances of the case." In *Preble*, the Oregon Supreme Court concluded that the principle it applied in *Swarens* would still be appropriately considered under ORS 20.075(1)(h) in applying ORS 305.447. *Id.* at 604. Therefore, it appears that the Supreme Court will continue to consider whether the department's interpretation of a controlling statute is reasonable.

■ In considering other factors under ORS 20.075(1)(h), the Oregon Tax Court has a broader view of its discretionary authority. As indicated, if a statute, regulation, or tax form is ambiguous, this court may award the taxpayer attorney fees. That view reasons that, as a matter of fairness, an individual taxpayer should not have to bear the cost of litigating a government-created ambiguity for the benefit of the rest of the taxpayers. Awarding successful taxpayers attorney fees keeps the win from being an empty victory, particularly where litigation costs may exceed the amount of tax in controversy. It also provides some incentive for clarity at all levels of tax legislation and administration by placing the cost of clarifying ambiguous tax laws and rules on the public, where it rightly belongs. Consequently, the court believes that whether laws, administrative rules, or tax forms are ambiguous remains a valid factor to consider under ORS 20.075(1)(h).

In exercising its discretion, the court will also consider whether the taxpayer prevailed on the legal issue involved. In this case, the department appealed from a magistrate decision on the legal issue of whether taxpayer's expenses qualified as impairment-related work expenses. There being no dispute of fact, the matter was submitted to the court on motions for summary judgment. On appeal, the court upheld the department's view with regard to the limited scope of impairment-related work expenses. However, because the department's assessment was denied in part, the court awarded taxpayer attorney fees.

■ The court has reconsidered all of the factors under ORS 20.075 and concluded that generally it would be inappropriate to award a taxpayer attorney fees in an appeal where there is no factual dispute and the taxpayer loses on the legal issue. Although taxpayer did make the alternative legal argument that the expenses qualified as medical expenses, the court found counsel's arguments to be of little assistance in making its decision. Therefore, the court concludes that under ORS 305.490(3), and after considering the factors set forth in ORS 20.075, taxpayer should not have been awarded attorney fees in this case. Now, therefore,

IT IS ORDERED that the Plaintiff's Motion for Reconsideration is granted, and

IT IS FURTHER ORDERED that the court's Order on Cross Motions for Summary Judgment entered May 23, 2001, is hereby modified awarding no attorney fees to Defendant.