IN THE OREGON TAX COURT
REGULAR DIVISION

DEPARTMENT OF REVENUE,
*Plaintiff,*

*v.*

Barney E. WHEELER
and Mary A. Wheeler,
*Defendants.*

(TC 4633)

Melisse S. Cunningham, Assistant Attorney General, Department of Justice, Salem, argued the cause for Plaintiff (the department).

F. Jackson Lewis II, Tonkon Torp, LLP, Portland, argued the cause for Defendants (taxpayers).

Decision rendered April 21, 2005.

**HENRY C. BREITHAUPT, Judge.**

## I. INTRODUCTION

This matter is before the court on a Motion for Reconsideration filed by Plaintiff Department of Revenue (the department). A hearing was held on the motion and the parties had an opportunity to make any additional factual showings they thought relevant. The parties made no such showings. This order will address each of the department's arguments.

## II. ISSUE

Should the court reconsider its previous order in this case?

## III. ANALYSIS

The department makes two categories of arguments as to why this court should reconsider its previous order in this case. *See Dept. of Rev. v. Wheeler I,* 18 OTR 129 (2004). Those arguments are taken in turn.

A. *All Factors Listed in ORS 20.075(1)[1] Must Be Considered*

■ The department appears to argue that the court must make factual findings under each statutory factor listed in ORS 20.075(1); however, the court has no obligation to make findings on the statutory criteria that play no role in the decision. *McCarthy v. Oregon Freeze Dry, Inc.,* 327 Or 185, 188, 957 P2d 1200 (1998). The court did consider all factors listed in ORS 20.075(1).[2] The court merely identified those factors that it considered to play a role;[3] it did not exclude the other factors from its consideration.

---

[1] Unless otherwise noted, all references to the Oregon Revised Statutes are to the 2003 edition.

[2] Indeed, the court stated that it recognized that it was required to consider each factor. *Wheeler I,* 18 OTR at 137 ("In determining whether to award reasonable attorney fees, this court *must* consider the factors listed in ORS 20.075." (emphasis added)).

[3] The court stated:

"*In pertinent part,* ORS 20.075(1) [(1999)] provides:

" 'A court shall consider the following factors in determining whether to award attorney fees in any case in which attorney fees are authorized by

The department seems to assume that each pertinent factor is a decisive factor. That is not the case. In fact, except for the factor discussed below, the court considers that the factors that it considered pertinent were in balance with no clear direction indicated. Upon reconsideration, the court has reconsidered all other factors listed in the statute and finds the same to be true of them based on what the parties have presented to the court. The additional factor considered below, however, tips the balance.

B. *Additional Factor to Consider Under ORS 20.075(1)(h)*

■     The department objects to the additional factor identified in the original decision; *i.e.*, whether an appeal is taken from a well reasoned decision and no new factual or legal bases are asserted. For purposes of this decision, "well reasoned" does not mean "reasonable" or "correct"; rather, it means well explained. *See Patton II v. Dept. of Rev.*, 18 OTR 256, 264 (2005).

■     The department suggests that the court's use of this factor involved consideration by the Regular Division of evidence submitted only to the magistrate and that such consideration violates the statutes governing this court. *See, e.g.*, ORS 305.425. The court considered no evidence other than what was before it in deciding the case on the merits. The same was true with the attorney fees question, except that the court considered the fact that a magistrate decision with certain content existed. The court is not precluded from considering the existence of such a prior decision and its

---

statute and in which the court has discretion to decide whether to award attorney fees:

" '* * * * *

" '(b) The objective reasonableness of the claims and defenses asserted by the parties.

" '* * * * *

" '(d) The extent to which an award of an attorney fee in the case would deter others from asserting meritless claims and defenses.

" '(e) The objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings.

" '* * * * *

" '(h) Such other factors as the court may consider appropriate under the circumstances of the case.' "

*Wheeler I*, 18 OTR at 137 n 8 (emphasis added).

contents, whether it was right or wrong. The court does not understand the department to argue otherwise.

■     The department also objected that the reference to the magistrate decision might not correctly reflect the arguments made to the magistrate. That hypothetical argument lost its force when the department was provided with an opportunity to identify any shortcomings in the catalog of facts and arguments contained in the magistrate decision and it identified none.

The department observes that the added factor makes the thoroughness of the magistrate's decision important. That is so, but again is not relevant here where the department identifies no shortcomings in the magistrate's decision.[4]

Finally, the department suggests that parties might hold arguments back so as to raise them in the Regular Division. Again, no suggestion is made that this occurred here and the original order dealt with the effect such "makeweight" arguments might have. *Wheeler I*, 18 OTR at 139 n 11. *See also Patton II*, 18 OTR at 264 n 10.

## IV.  CONCLUSION

Based on the foregoing, the court concludes that the department has not presented reasons why this court should alter the prior order of the court. Now, therefore,

IT IS ORDERED that Plaintiff's Motion for Reconsideration is denied.

Costs to Defendants.

---

[4] The department was, and others will be, afforded opportunity to address assertedly incomplete magistrate decisions—decisions that do not reflect the factual or legal positions taken by the parties. The department recognizes that the public case file exists for all to consider and would be a source for reviewing thoroughness.