Argued and submitted April 30, supplemental judgment of Tax Court reversed
June 28, 2012

CLACKAMAS COUNTY ASSESSOR,
*Plaintiff-Appellant,*
*and*

DEPARTMENT OF REVENUE,
State of Oregon,
*Appellant,*

*v.*

VILLAGE AT MAIN STREET PHASE II, LLC,
*Defendant-Respondent.*

(TC 4877; SC S058755)

282 P3d 814

Kathleen J. Rastetter, Assistant County Counsel, Oregon City, argued the cause and filed the briefs for appellant

Clackamas County Assessor. With her on the briefs was Clackamas County Counsel.

Jeremy C. Rice, Assistant Attorney General, Salem, filed the briefs for appellant Oregon Department of Revenue. With him on the briefs were John R. Kroger, Attorney General, and Anna M. Joyce, Solicitor General.

David P. Weiner, Greene & Markley, P.C., Portland, argued the cause and filed the brief for respondent. With him on the brief was Donald H. Grim.

WALTERS, J.

### WALTERS, J.

This tax case arises on direct review of a decision of the Tax Court awarding attorney fees to the taxpayer, Village At Main Street Phase II LLC (Village), after its successful challenge to the Clackamas County Assessor's (the county's) property tax assessment on certain improvements to its property. The Tax Court issued an order and supplemental judgment naming the county as the judgment debtor, but requiring the Department of Revenue (the department) to pay the attorney fees under ORS 305.490(4)(b). *Clackamas County Assessor v. Village at Main Street Phase II, LLC*, TC-RD 4877, WL 2377828 (June 15, 2010). Both the county and the department have appealed the attorney fee award to this court. For the reasons that follow, we hold that the Tax Court erred in awarding attorney fees to Village and reverse the supplemental judgment.

A brief discussion of the factual and procedural history of the underlying tax case is helpful to place this attorney fee dispute in context. In 2004, Village began developing adjacent parcels of real property in Clackamas County into a multibuilding apartment complex. As part of that building project, Village made "site developments" to the land that included, among other things, grading, sewer lines, roads, sidewalks, and street lights. In 2005 and 2006—when the site developments were complete but the apartment complex still was under construction—the county physically inspected Village property to establish its value. In its assessment of the property for those years, the county assigned no value to the site developments.[1] Instead, the county adjusted the land value to reflect general property value trends for that year for undeveloped land and then incorporated that amount in the 2005 and 2006 tax rolls.

In 2007, the county attempted to add the value of the site developments to the tax roll as previously omitted property under ORS 311.216. That statute allows a tax assessor to add "any real or personal property" to an

---

[1] Each year, county tax assessors must separately list on the assessment roll the real market value of land within the county separately from the real market value of "all buildings, structures and improvements thereon." ORS 308.215(1)(e), (f).

assessment roll that "has from any cause been omitted, in whole or in part."[2] Doing so increased the value of Village's land listed on the assessment roll by approximately $1,000,000 and increased Village's tax liability by approximately $18,000.

Village challenged the county's action before the Tax Court's Magistrate Division, asserting that the site developments did not constitute "omitted" property that could be added to the tax roll under ORS 311.216. Village filed a motion for summary judgment, and the magistrate ruled in Village's favor. The magistrate ruled that, under the Tax Court's case law, specifically, *West Foods v. Dept. of Rev.*, 10 OTR 7, 10-11 (1985), property alleged to be missing from the tax roll may not be added to the roll retroactively as omitted property under ORS 311.216 if it existed at the time of the original inspection of the property and was an integral part of the property that was physically appraised. The magistrate concluded that, in this case, the county actually had merely undervalued the property rather than omitted it from the tax roll, and the statutes addressing omitted property were not applicable to cure an undervaluation. *Village at Main Street Phase II v. Clackamas County Assessor*, TC-MD 070804D, WL 4767460 at *3 (Oct 28, 2008); *see also* ORS 311.205(1)(b) (assessor may not correct the value listed on the assessment roll if the correction results in an increase of the tax owed on the account).

The county then brought the case before the Tax Court's Regular Division. Under ORS 305.425, "[a]ll proceedings before the judge of the tax court shall be original, independent proceedings and shall be tried without a jury and de novo." On cross-motions for summary judgment, the Tax Court, as had the magistrate, concluded that the site

---

[2] ORS 311.216(1) provides:

"Whenever the assessor discovers or receives credible information, or if the assessor has reason to believe that any real or personal property, including property subject to assessment by the Department of Revenue, or any buildings, structures, improvements or timber on land previously assessed without the same, has from any cause been omitted, in whole or in part, from assessment and taxation on the current assessment and tax rolls or on any such rolls for any year or years not exceeding five years prior to the last certified roll, the assessor shall give notice as provided in ORS 311.219."

developments were not omitted property. The Tax Court's reasoning mirrored that of the magistrate. The Tax Court determined that, after physically appraising the land and not including the value of integral site developments in its valuation, the county had undervalued rather than omitted those developments. *Clackamas County Assessor v. Village at Main Street Phase II*, TC-RD 4877, WL 2901178 at *5 - *6 (slip op at 9-12) (Sept 1, 2009).

The county subsequently appealed to this court, again asserting, under ORS 311.216, that it merely had omitted the site developments. The county argued that the Tax Court decision was inconsistent with the omitted property statute. Village repeated its argument that the county had not omitted property under the statute but, rather, had undervalued integral parts of the land.

In resolving the question, this court recognized that the parties' arguments turned on an issue of statutory construction. The court began its analysis with the text of the statute and observed that "[t]he text of ORS 311.216 permits both parties' interpretations." *Clackamas Cty Assessor v. Village at Main St. Phase II*, 349 Or 330, 336, 245 P3d 81 (2010). That is, the court stated, a narrow interpretation supported Village's position, but a broader interpretation supported the county's. Consequently, the court concluded, "The text, standing alone, does not resolve the parties' dispute." *Id.* The court then proceeded to examine the statute's context and legislative history. After doing so, the court held that the site improvements that the county claimed were omitted property were integral parts of the land and, therefore, could not be added to the tax roll as omitted property. *Id.* at 346. Ultimately, this court ruled in Village's favor and affirmed the judgment of the Tax Court.

At the conclusion of the proceedings before the Tax Court and before this court issued its decision on the merits, Village petitioned the Tax Court for attorney fees incurred in those proceedings under ORS 305.490(4). That statute authorizes the Tax Court to award a prevailing taxpayer reasonable attorney fees and provides, in part:

"(4)(a)   If, in any proceeding before the tax court judge involving ad valorem property taxation, exemptions, special assessments or omitted property, the court finds in favor of the taxpayer, the court may allow the taxpayer, in addition to costs and disbursements, the following:

"(A)   Reasonable attorney fees for the proceeding under this subsection and for the prior proceeding in the matter, if any, before the magistrate[.]

"* * * * *

"(b)   Payment of attorney fees or reasonable expenses under this subsection shall be made by the Department of Revenue in the manner provided by ORS 305.790."

The county urged the Tax Court to deny the petition, arguing, in part, that its omitted property challenge was reasonable and that it had appealed the magistrate's decision in good faith.[3]

The Tax Court stated that, in deciding whether to award fees under ORS 305.490, it would consider the factors outlined in ORS 20.075,[4] and it also would consider "whether the non-prevailing party took an unreasonable position, whether the prevailing party's efforts served to clarify the law[,] and whether the non-prevailing party essentially relitigated, in the Regular Division, a position on which the Magistrate Division had ruled in a well-reasoned opinion." *Clackamas County Assessor*, WL 2377828 at *1 (slip op at 2). The Tax Court derived the last criterion from one of its own opinions, *Dept. of Rev. v. Wheeler I*, 18 OTR 129 (2004).

The Tax Court then concluded that Village was entitled to reasonable attorney fees. In a written order explaining its decision, the Tax Court relied primarily on its decision in *Wheeler I* and stated:

---

[3] The county also objected to the amount of the fees that Village sought. The Tax Court concluded that certain of the county's objections to Village's fee petition were well taken and, therefore, ultimately granted the fee petition in part and denied it in part. *Clackamas County Assessor*, WL 2377828 at *1 - *2 (slip op at 2-3). The amount of the fees awarded is not at issue in this court.

[4] ORS 20.075(1) lists a number factors that a court must consider in determining whether to award attorney fees, including, as relevant here, the objective reasonableness of the claims and defenses asserted and the extent to which an attorney fee award would deter either good faith or meritless claims and defenses. We set out and discuss the text of ORS 20.075 later in this opinion.

"In this matter the court concludes that although many of the ORS 20.075 factors do not weigh in favor of, or against, a fee award, the county essentially relitigated positions on which, as discussed in a reasoned decision of the Magistrate Decision, it had lost. The county has the right to appeal from a decision of the Magistrate Division. But, in cases such as this, where it does so and again fails to prevail[,] it is appropriate to relieve the taxpayer of the reasonable fees incurred in defending the appeal."

*Clackamas County Assessor*, WL 2377828 at \*1 (slip op at 2).

The Tax Court also held that the department was required to pay the award of attorney fees, even though the department was not a party to the proceeding. The Tax Court explained that, under ORS 305.490(4)(b), "[p]ayment of attorney fees or reasonable expenses under this subsection shall be made by the Department of Revenue in the manner provided by ORS 305.790." *Id.* at \*1 (slip op at 1-2). Further, the court observed that the department "was served with the complaint in this matter and had the right to intervene at any stage" and that, "although the department did not formally intervene, an attorney for the department observed the hearing on the merits of the controversy." *Id.* at \*1 (slip op at 1). Accordingly, the Tax Court entered a supplemental judgment that obligated the department to pay the attorney fee award and listed the county as the judgment debtor.

The department now has intervened in the proceeding, and both the department and the county have appealed to this court the supplemental judgment awarding attorney fees to Village. Those parties contend that the Tax Court erred in relying on *Wheeler I* in exercising its discretion to award attorney fees to Village rather than applying the factors set forth in ORS 20.075. In addition, the department argues that it cannot be ordered to pay attorney fees in cases in which it is not a party, and, relatedly, the county argues that ORS 305.490 does not give the Tax Court the authority to make the county a judgment debtor. For the reasons explained below, we agree that the Tax Court erred in awarding attorney fees to Village in this case. Therefore, we need not decide whether ORS 305.490 permits the Tax

Court to require either the department or the county to pay such an award.[5]

Under ORS 305.490, the court's decision whether to award attorney fees is discretionary. *See* ORS 305.490(4)(a)(A) (if the court finds in favor of the taxpayer, "the court *may* allow the taxpayer * * * [r]easonable attorney fees") (emphasis added). In deciding whether to exercise its discretion to award attorney fees, the court must consider the factors listed in ORS 20.075(1); that statute is mandatory. *Preble v. Dept. of Rev.*, 331 Or 599, 602, 19 P3d 335 (2001) (so holding). ORS 20.075(1) provides:

> "A court shall consider the following factors in determining whether to award attorney fees in any case in which an award of attorney fees is authorized by statute and in which the court has discretion to decide whether to award attorney fees:

> "(a)   The conduct of the parties in the transactions or occurrences that gave rise to the litigation, including any conduct of a party that was reckless, willful, malicious, in bad faith or illegal.

> "(b)   The objective reasonableness of the claims and defenses asserted by the parties.

> "(c)   The extent to which an award of an attorney fee in the case would deter others from asserting good faith claims or defenses in similar cases.

---

[5] The arguments of the parties call attention to a significant issue of statutory construction. Village argues that the statute's plain words make the department liable for attorney fees in all cases in which the Tax Court finds an award of fees to be appropriate. The department contends that, when the provision obligating it to pay awards of attorney fees is read in context, however, that provision is ambiguous, and that legislative history suggests that the legislature did not intend to require the department to pay fees when it was not responsible for the litigation. Instead, the legislature simply assumed that the department always would be a party to Tax Court litigation that would give rise to an award of attorney fees. Finally, the county argues that nothing in ORS 305.490 would permit the Tax Court to require *it* to pay an award of attorney fees or to make it a judgment debtor. The words of the statute arguably suggest an unusual result in cases in which the department is not a party, and we urge the legislature to reexamine ORS 305.490(4)(b) to ensure that its wording correctly addresses the circumstance presented here and carries out the legislature's intent.

"(d)   The extent to which an award of an attorney fee in the case would deter others from asserting meritless claims and defenses.

"(e)   The objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings.

"(f)   The objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute.

"(g)   The amount that the court has awarded as a prevailing party fee under ORS 20.190.

"(h)   Such other factors as the court may consider appropriate under the circumstances of the case."

In applying those factors, this court long has declined to exercise its discretion to award fees if a governmental entity erroneously but reasonably has interpreted a controlling statute. For example, in *Preble*, the court declined to award fees to taxpayers who prevailed in their appeal from a judgment of the Tax Court, because the department's mistake as to the validity of a notice of deficiency that lacked certification was a reasonable misinterpretation of the applicable statute. Under ORS 20.075(1)(h), which requires the court to consider "such other factors" as may be appropriate, the court considered whether that government agency's interpretation of a controlling statute was reasonable, even if erroneous. *Preble*, 331 Or at 603-05. In so doing, the court noted that the question of the validity of the notice of deficiency had no simple answer and that the court had resolved the issue only after considering the statutory text as a whole and the practical consequences of inadequate notice.

Similarly, in *Necanicum Investment Co. v. Employment Dept.*, 345 Or 518, 200 P3d 129 (2008), this court declined to award attorney fees to a corporation that successfully challenged the Employment Department's assessment of unemployment taxes on fees that the corporation had paid to members of its board of directors, in part because there had been no contention that the department's position in erroneously assessing the tax was objectively unreasonable. The court quoted with approval the following passage from *McKean-Coffman v.*

*Employment Div.*, 314 Or 645, 649-50, 842 P2d 380 (1992), an unemployment compensation case that also involved the discretionary award of attorney fees:

> "'The Division's position in the case was wrong; but it was not unreasonable. We doubtless have wide discretion to award an attorney fee under ORS 183.497(1)(a), but we rarely will exercise it in favor of an award when an agency has acted reasonably. To do so could easily make administrative agencies timorous about pursuing reasonable positions as to what the law is or ought to be. The public interest would be ill-served in such circumstances.'"

345 Or at 522. Although the court's decision in *McKean-Coffman* predated the enactment of ORS 20.075, the court in *Necanicum Investment Co.* stated that the factors that the court had considered in *McKean-Coffman*—whether the government's position was objectively reasonable and whether a fee award would deter a party from asserting a good faith defense—now appear as paragraphs (b) and (c) of ORS 20.075(1) and militated against an award of attorney fees in that case. *Necanicum Investment Co.*, 349 Or at 523; *see also Swarens v. Dept. of Rev.*, 320 Or 669, 674, 890 P2d 1374 (1995) ("[G]enerally, when an agency erroneously but reasonably interprets a statute, the purposes ascribed to the attorney fee statute are not served by a fee award.").

To summarize, in determining whether to exercise its discretionary authority to award attorney fees under ORS 305.490(4)(a)(A), a court must consider the factors listed in ORS 20.075(1). Under those factors, if a governmental entity takes a position that is based on an objectively reasonable interpretation of a statute, the fact that that position is erroneous is not alone a basis for a discretionary award of attorney fees.

In this case, the Tax Court awarded fees to Village because "the county essentially relitigated positions on which, as discussed in a reasoned decision of the Magistrate Division, it had lost." *Clackamas County Assessor*, WL 2377828 at *1 (slip op at 2). The Tax Court stated that the county had the right to appeal the magistrate's decision, but "where it does so and again fails to prevail it is appropriate to relieve the taxpayer of the reasonable fees incurred in

defending the appeal." *Id.* As support for that rule, the Tax Court relied on its opinion in *Wheeler I.*

In *Wheeler I,* the department claimed that money that the taxpayer, who lived in the State of Washington, received from his former employer after he had retired, pursuant to an agreement to retire early, was taxable Oregon income. A magistrate found that the payment was not compensation for services rendered in Oregon and, thus, was not taxable Oregon income. The department brought the case to the Tax Court's Regular Division, which affirmed, deciding the matter on essentially the same grounds as did the Magistrate Division. The taxpayer sought attorney fees under ORS 305.490(3), which, like ORS 305.490(4), grants the court discretionary authority to award attorney fees to a prevailing taxpayer. The Tax Court awarded fees and, in so doing, held:

> "[T]he department appealed to this division under the same legal theory [that it had relied on before the magistrate.] *** The magistrate fully considered the department's arguments and the department did not credibly assert that the magistrate had addressed the issues improperly.
>
> "Although a party may avail itself of a right to appeal to the Regular Division, exercise of that right may come with a cost. That cost may be reasonable attorney fees and expenses of the opponent in cases, such as this, in which the appealing party has received a well reasoned decision from a magistrate on the merits, appeals to this division on essentially the same record, *** and makes no new legal argument or credible argument that the magistrate ignored or misapplied the law."

10 OTR at 138-39 (footnote omitted). On reconsideration, the Tax Court also suggested that it considered, under ORS 20.075(1)(h), whether the government agency had relitigated a position on which the magistrate had ruled in a reasoned opinion. *Dept. of Rev. v. Wheeler II,* 18 OTR 232, 234 (2005).

As discussed above, ORS 20.075(1)(h) permits the court to consider "such other factors as the court may consider appropriate under the circumstances of the case." The problem with the Tax Court's reasoning in *Wheeler I,*

however, is that whether the government sought review of a magistrate's well-reasoned decision is not an "appropriate" basis for awarding fees.[6] As the Tax Court itself recognized in its decision on reconsideration, "'well reasoned' does not mean 'reasonable' or 'correct'; rather, it means well explained." *Wheeler II*, 18 OTR at 234. No legitimate objective of the statute permitting an award of attorney fees is served by requiring a party to pay attorney fees simply because the magistrate's decision was well explained.

More importantly, the factor that the Tax Court announced in *Wheeler I* is at odds with ORS 20.075(1)(b), which requires the court to consider whether to award fees based on the "objective reasonableness" of the party's claims or defenses. As we have explained, a governmental entity may take a position that a reviewing court later determines to be erroneous, but that alone does not make the entity's position objectively unreasonable. A magistrate's decision may be, and in many, if not most, cases will be well reasoned, but that does not foreclose a governmental entity's argument that it had legitimate reasons to seek further court review of the magistrate's decision. A court that affirms a magistrate's decision in favor of a taxpayer must determine whether to award attorney fees to the taxpayer based not on the reasoning in *Wheeler II*, but on the factors set out in ORS 20.075(1).

For those reasons, we conclude that, in this case, the Tax Court's reliance on *Wheeler I*, and the rule that *Wheeler I* announced, was misplaced; the Tax Court abused its discretion in awarding attorney fees to Village on that basis. Instead, the Tax Court was required to consider whether the county's position in the Tax Court's Regular Division was objectively reasonable, even if erroneous, a question of law to which we now turn.

The county based its argument that Village site developments were "omitted" property on the fact that ORS 311.216 provides that, "[w]henever the assessor discovers or receives credible information * * * that any real or personal

---

[6] As this court stated in *Barbara Parmenter Living Trust v. Lemon*, 345 Or 334, 344, 194 P3d 796 (2008), ORS 20.075(1)(h) "does not permit courts to base their fee decisions on incorrect legal premises."

property * * * has from any cause been omitted, in whole *or in part,* from assessment and taxation on the current assessment and tax rolls," the assessor shall initiate a process to add the omitted property to the assessment or the tax rolls. (Emphasis added.) The county argued that there was no dispute that it did not assign any value to the site developments in its assessment, and, therefore, it omitted part of the land from the assessment roll. As discussed, the Magistrate Division, the Regular Division, and this court rejected that argument and concluded that the county's interpretation of ORS 311.216 was erroneous.

In considering whether the county's position nonetheless was objectively reasonable, we think that it is important that this court had not previously construed ORS 311.216; only the Tax Court had construed the operative wording, in *West Foods,* and the Tax Court had not again looked at the matter since 1985. In addition, when this court reviewed the county's challenge to the Tax Court's interpretation of ORS 311.216, it suggested that the county's view was objectively reasonable. As discussed, this court began its analysis by considering the text of ORS 311.216 and concluded, at the outset, that "[t]he text of ORS 311.216 permits both parties' interpretations. * * * The text, standing alone, does not resolve the parties' dispute." *Clackamas Cty Assessor,* 349 Or at 336. From there, to discern the meaning of ORS 311.216, the court examined, among other things, the context of the provision at issue, case law predating the enactment of the statute, the Indiana statute on which the Oregon statute was based, and pertinent legislative history.

Like the question at issue in *Preble,* the proper interpretation of ORS 311.216 had no simple answer. Whether ORS 311.216 permitted the county to treat site developments as omitted property was not so clear that it precluded reasonable but conflicting legal arguments on that point. The county's position was wrong, but it was not unreasonable. It follows that the criterion listed in ORS 20.075(1)(b)—the objective reasonableness of the county's position—was not an appropriate basis for the award of attorney fees to Village in this case.

Ordinarily, having concluded that the Tax Court relied on an improper criterion for awarding fees, we would remand the matter to that court for a determination of whether attorney fees nonetheless were appropriate under one or more of the other criteria listed in ORS 20.075(1). In the unique circumstances of this case, however, remand is not necessary.

Under ORAP 13.10(5)(b), the party seeking attorney fees must inform the court of the factors listed in ORS 20.075(1) on which it intends to rely.[7] *See McCarthy v. Oregon Freeze Dry, Inc.*, 327 Or 185, 189, 857 P2d 1200 (1998) ("No party will be heard to complain of the absence of a finding by the court on an issue that the party did not raise in a petition, objection, or reply under ORAP 13.10(2) and (6)."). At the hearing in the Tax Court on its petition for attorney fees, Village argued that a fee award was warranted under ORS 20.075(1)(b) (objective reasonableness of the claims and defenses), (c) (whether a fee award would deter a party from asserting good faith claims and defenses), and (d) (whether a fee award would deter others from asserting meritless claims or defenses). Village did not raise any of the other factors set forth in ORS 20.075 as a basis for an award of fees and, in fact, specifically conceded that the following paragraphs of ORS 20.075(1) do not support an award of fees: (a) (reckless, willful, malicious, or bad faith conduct of the parties), (e) (objective reasonableness or diligence of the parties during the proceeding), (f) (objective reasonableness of the parties in pursuing settlement), and (g) (amount awarded as a prevailing party fee).

Because Village based its claim for attorney fees only on three of the criteria listed in ORS 20.075(1), we properly may consider only those criteria as a basis for the Tax Court award. All of Village's arguments about those criteria were premised on the notion that the county's position in the Tax Court's Regular Division was unreasonable in light of the

---

[7] ORAP 13.10(5)(b) provides:

"If a petition requests attorney fees pursuant to a statute, the petition shall address any factors, including, as relevant, those factors identified in ORS 20.075(1) and (2) or ORS 20.105(1), that the court may consider in determining whether and to what extent to award attorney fees."

fact that the magistrate earlier had decided against it in a reasoned opinion. We already have held, as a matter of law, that the county's position in the Regular Division was objectively reasonable and, therefore, that, as a matter of law, the criterion listed in ORS 20.075(1)(b)—objective reasonableness of the parties' claims and defenses—cannot support a fee award in this case. Our decision that the county's arguments were objectively reasonable also leads us to conclude that the criterion set out in ORS 20.075(1)(c)—whether a fee award would deter a party from asserting good faith claims and defenses—cannot support a fee award. As the court stated in *McKean-Coffman*, a fee award in this circumstance could "make administrative agencies timorous about pursuing reasonable positions as to what the law is or ought to be." Finally, because the county's position was not meritless, we also conclude that the criterion listed at ORS 20.075(1)(d)—whether a fee award would deter others from asserting meritless claims or defenses—is not a basis for a fee award in this case. *See Preble*, 331 Or at 605 (a fee award will not deter government agency from taking a similarly erroneous position in the future if the government's interpretive error was reasonably made in good faith).

Because in this particular case none of the factors listed in ORS 20.075(1) permits an award of attorney fees, we conclude that the Tax Court abused its discretion in awarding attorney fees under ORS 305.490(4). We therefore reverse the decision of the Tax Court awarding attorney fees to Village.

The supplemental judgment of the Tax Court is reversed.