46                    March 24, 2015                    No. 6

# IN THE OREGON TAX COURT
## REGULAR DIVISION

## DEPARTMENT OF REVENUE,
and Deschutes County Assessor,
*Plaintiffs,*

*v.*

## RIVER'S EDGE INVESTMENTS, LLC,
*Defendant.*

### (TC 4962)

Following entry of judgment in this case, Defendant (taxpayer) submitted a request for attorney fees, costs and disbursements. Plaintiff Department of Revenue (the department) submitted objections to an award. The court ruled that as the department's position in the matter (regarding its rule as to especial property) had no basis in fact or law for entirely disregarding an income indicator of value for the subject property, its position was objectively unreasonable and warranted an award of fees. Further, the court ruled that as the claims and defenses of the department and the presentation of those in the case were of a type that should be deterred, and because taxpayer had demonstrated that at important stages of the proceedings it had offered to settle the case at or near the valuations ultimately found, without any receipt of a payment of attorney fees, an award of fees was warranted.

Submitted on Defendant's (taxpayer's) statement for attorney fees, costs and disbursements.

Mark G. Reinecke, Bryant Lovelien & Jarvis PC, Bend, filed the statement for Defendant (taxpayer).

Daniel Paul, Assistant Attorney General, Department of Justice, Salem, filed an objection for Plaintiff Department of Revenue (the department).

Decision for Defendant rendered March 24, 2015.

### HENRY C. BREITHAUPT, Judge.

This matter is before the court on the application of Defendant (taxpayer) for an award of attorney fees and costs and the objections of Plaintiff Department of Revenue (the department) to that application. Neither party requested a hearing on this matter. In this order, reference is made to the department. To the extent appropriate that reference is also to the action of county representatives in the proceedings.

The department makes no objection to the amount of time expended by counsel for taxpayer or the rates charged for such work. The objections of the department are dealt with individually.

A.   *ORS 20.075 Criteria—Objective Reasonableness*

The department argues that its position in this case was objectively reasonable. While the department can identify a statute, ORS 308.205, relating to determination of real market value, in this case it relied upon its rule as to especial property.[1] That rule provides:

> "(3)  Valuation of Especial Property:  Especial property is property specially designed, equipped, and used for a specific operation or use that is beneficial to only one particular user. This may occur because the especial property is part of a larger total operation or because of the specific nature of the operation or use. In either case, the improvement's usefulness is designed without concern for marketability. Because a general market for the property does not exist, the property has no apparent immediate market value. Real market value must be determined by estimating just compensation for loss to the owner of the unit of property through either the cost or income approaches, whichever is applicable, or a combination of both."

OAR 150-308.205-(A)(3). The premise of the department's case was that the convention center property was especial property that was beneficial to only one user, namely the owner of the hotel located on an adjacent tax lot. Following that premise, the department's appraiser also concluded that his inability to get income information on the hotel made any development of an income indicator of value impossible, because some of the income of the hotel would have to be considered in determining an income indicator for the convention center.

That position had no basis in fact in the record made by the department. While there may have been few if any market sales of properties comparable to the subject as of the assessment date, the department made no showing that the convention center was a property beneficial to only one user.

---

[1]  The court's references to the Oregon Revised Statutes (ORS) are to 2013.

As noted in the court's opinion, ignoring the income indicator of value on an income-producing property because of the lack of information about the income of another property, located in a different tax account, has no basis in property tax law currently or even before Measure 50. Indeed, Measure 50, as interpreted by the Oregon Supreme Court makes such consideration of other tax accounts improper.

The department had no basis in fact or law for disregarding entirely an income indicator of value for the convention center itself, separate and apart from the hotel. Its position was objectively unreasonable.

B.  *Deterrence*

The department attempts to take considerations that are present in statutory construction cases and apply them in this case to argue that an award of fees to taxpayer is unwarranted. It is true that case law recognizes that a reasonable but mistaken reading of a statute is not considered a basis for an award of fees on the basis of a consideration of deterrence. *See Clackamas Cty. Assessor v. Village at Main Street*, 352 Or 144, 153, 282 P3d 814 (2012). That is because such an award cannot and should not deter reasonable, but mistaken, constructions of statutes in the future.

In this case, however the problem with the department case was not in construction of a statute, or even of its rule. The problem was that the department did not show the presence of elements it has stated must be present for the especial property rule to apply.

Further, even if the department's rule on especial property is considered, the department's witness could not explain why he had ignored a factor the rule says should be at least considered.

The court is of the opinion that the claims and defenses of the department and the presentation of those should be deterred. By doing so, assertion of appropriate claims and defenses will not be deterred.

Likewise, if no award is made in this case, other taxpayers with legitimate objections to such actions of the department as were taken here will be unlikely to resist, given the cost of adequate resistance.

C.  *Importance of Case to Others*

The court is aware that in other recent cases the department has asserted that the especial property rule is applicable to support valuations that are highly contested. The court considers a fee award in this case to be an appropriate deterrent in respect of assertion of the rule done without attention to what the rule requires to be shown for the rule to be applicable.

Additionally, the litigation in this case resulted in consideration and application of other statutes and cases touching on the application of Measure 50 to valuation of properties. The resolution of those issues is of benefit to other taxpayers and hopefully to the department and county assessors throughout the state.

D.  *Fees for Magistrate Division Proceedings*

For the reasons stated in *McKee v. Dept. of Rev.*, 18 OTR 58, 65 (2004), the court rejects the arguments of the department that it should not be required to pay a fee award made in respect of proceedings in the Magistrate Division.

E.  *Other Considerations*

Taxpayer has demonstrated that at important stages of this proceeding it offered to settle this case at or near the valuations ultimately found, without any receipt of a payment of attorney fees. Those offers did not receive a counter offer from the department.

F.  *Conclusion*

The fees and costs in the amounts claimed are awarded to taxpayer. Now, therefore,

IT IS ORDERED that Defendant's application for attorney fees, costs & disbursements is granted.